**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIAN XIAO; et al.,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-70395<br><br>Agency Nos. A208-821-610<br>A208-821-611<br>A208-821-612<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2020[**]
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Qian Xiao, a native and citizen of the People's Republic of China, petitions

for review of the order of the Board of Immigration Appeals (BIA) that denied her

application for asylum and withholding of removal. The claims of Xiao's spouse,

Hui Gao, and child, Yuze Gao, are derivative of her application. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition.

An adverse credibility determination may be based on inconsistencies or inaccuracies in an applicant's testimony, considered in light of the total circumstances. *Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011). "Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

Substantial evidence supports the determination that Xiao was not credible. On her application for asylum, Xiao identified September 23, 2011, as the date of her abortion. She later corrected this date to September 2, 2009, in a supplementary statement. This inconsistency of more than two years is too significant to qualify as a minute disparity, *cf. Singh v. Gonzales*, 403 F.3d 1081, 1090–91 (9th Cir. 2005), or an innocent mistake, *cf. Ren*, 648 F.3d at 1087. Further, Xiao's inconsistency concerns her abortion, which is the only instance of persecution she alleges and, thus, goes to the heart of her asylum claim. *See Rizk*, 629 F.3d at 1087–88. Xiao's explanation is that she misremembered and lacked documents to confirm the date. Even were we to find her explanation plausible, the record does not compel the conclusion that the IJ erred in choosing not to believe her, given the size of the

2

inconsistency and its importance to her claim. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

"We must uphold an adverse credibility determination 'so long as even one basis is supported by substantial evidence.'" *Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) (quoting *Rizk*, 629 F.3d at 1088). Xiao's inconsistent account provides substantial evidence to uphold the adverse credibility determination. Thus, her asylum claim fails. Because Xiao's eligibility for withholding of removal relies on her asylum claim, her application for withholding of removal also fails.

The petition for review is **DENIED.**